**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CLYDE HENDERSON**                                            **PETITIONER**

v.                                                                                 **No. 2:06CV2-B-A**

**JOE THORNTON, ET AL.**                                      **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Clyde Henderson (74639) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner Clyde Henderson pled guilty in July 2000, to one count of strong armed robbery and one count of attempted armed robbery in Cause No. CR2000-78CP2 in the Panola County Circuit Court. He was sentenced as a habitual offender to serve a term of ten years on each count followed by five years post-release supervision; the sentences were also ordered to run concurrent to the sentence imposed in Cause No. CR91-87BP2, which was imposed following a revocation of suspended time and imposition of a ten-year sentence for armed robbery in July, 2000, based on Henderson's pleas discussed above. The sentence on that revocation in Cause No. CR91-87BP2 was ordered to run consecutively to charges previously imposed by that court.

The petitioner does not challenge the revocation in Cause No. CR91-87BP2 and resulting sentence of ten years – or the pleas and sentences imposed in Cause No. 2000-78CP2. Rather, the petitioner alleges that the Mississippi Department of Corrections ("MDOC") has miscalculated his time credits and thus altered his release date. The petitioner argues that MDOC officials changed his sentences for armed robbery from *concurrent* to *consecutive*; used the petitioner's previous felony convictions in his sentence calculation, and failed to give the petitioner credit for time served on his previous periods of incarceration – as well as credit for twelve years and 182 days of earned time. The petitioner also complains that MDOC increased the number of total years he was to serve from 28 to 30.

**Discussion**

Resolution of the instant petition for a writ of *habeas corpus* is governed by the limitations period of 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2) (emphasis added).

The court must thus determine the date when the petitioner, through the exercise of due diligence, could have discovered that his tentative release date, as determined by the Mississippi Department of Corrections (MDOC), was not the date he expected to be released.

The petitioner stated in the August 8, 2005, letter attached to the instant petition for a writ of *habeas corpus*, that he has been aware of the claims concerning the calculation of his sentence for the "past five (5) years." The statute of limitations for filing the petitioner's federal petition for a writ of *habeas corpus* began to run on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). The factual predicate in this case is the alleged miscalculation of the petitioner's release date based on the failure to award earned time credits.

The petitioner attached a July 21, 2000, time sheet to his federal petition – a time sheet that does not reflect all of his convictions or the revocations – and shows a different release date than does his current time sheet. The petitioner admits that as early as August 2000, he was aware of documentation that his sentence was calculated in a way he found unsatisfactory. The petitioner therefore knew by August 2000, the manner in which his sentences were computed and the date that MDOC records reflected as his date of release.

The petitioner's deadline to file a federal petition for a writ of *habeas corpus* thus expired one year later – in August 2001. He did not file a grievance or a state post-conviction motion between August 2000 (the time he became aware of the alleged miscalculation) and August 2001 (the deadline for filing a federal petition for a writ of *habeas corpus*); therefore, he cannot benefit from statutory tolling.[1] *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002)(holding that the "timely pendency of prison grievance procedures would toll the one-year period."); *see also* 28 U.S.C. § 2244(d)(2). Finally, the petitioner has not alleged any rare or exceptional circumstances to trigger equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. Under the "mailbox rule" the instant petition for a writ of *habeas corpus* was filed sometime between the date it was signed on January 3, 2006, and the date it was received in the district court on January 6, 2006. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The petition was therefore filed over *four years* after the August 2001, deadline. As such, the instant petition shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of August, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE

---

[1] The various federal and state pleadings the petitioner filed *after* August 2001 deadline have no bearing on statutory or equitable tolling of his federal *habeas corpus* limitations period.